UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRYL SHIOZAWA,<br><br>    Plaintiff,<br> v.<br>UNITED STATES,<br><br>    Defendant. | Case No.: 12-CV-3416-LHK<br><br>ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES |

Before the Court is Defendant United States' ("Defendant") Motion to Dismiss Darryl Shiozawa's Petition to Quash IRS Summonses and to Enforce IRS Summonses. ECF No. 10 ("Motion"). Having considered the parties' submissions and the relevant case law, the Court finds this matter appropriate for resolution without a hearing pursuant to Civil Local Rule 7–1(b). Accordingly, the Court vacates the hearing on the motion set for January 3, 2013, as well as the case management conference set for the same date. For the reasons set forth below, the Court GRANTS the Motion.

**I. Background**

Revenue Officer Howard Baldwin ("Officer Baldwin") of the Internal Revenue Service ("IRS") was assigned to conduct an examination to determine and collect the outstanding income tax liabilities of Shiro Shiozawa for taxable years 2009 through 2011 and the employment tax liabilities of Shiro's Auto Body for taxable years 2008 through 2011. *See* Declaration of Howard Baldwin ("Baldwin Decl.") at ¶ 2. Shiro's Auto Body is the trade name under which Shiro

1

Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

1   Shiozawa and Darryl Shiozawa ("Petitioner") operate their auto body business. *See* Baldwin Decl.,
2   Ex. 1 (lease agreement identifying Shiro's Auto Body as the fictitious business name of Petitioner
3   and Shiro Shiozawa). Available IRS records reflect that Shiro Shiozawa has never filed income tax
4   returns or employment tax returns for Shiro's Auto Body. *See id.* ¶ 3.

5   On June 6, 2012, Officer Baldwin served by certified mail two third-party summons
6   ("Summonses") on Wells Fargo Bank ("Wells Fargo"). *See id.*, Exs. 2 and 3. The Summonses
7   directed Wells Fargo to produce certain bank records relating to accounts held by Petitioner for the
8   periods January 1, 2008 through December 31, 2011. *See id.* Also on June 6, 2012, Officer
9   Baldwin sent by certified mail to Petitioner's last known address the notice of issuance of the
10  Summonses, copies of the Summonses, and notices explaining Petitioner's right to bring a
11  proceeding to quash the Summonses. *See id.* ¶ 6. Officer Baldwin received back domestic return
12  receipts signed by Shiro Shiozawa on June 12, 2012. *See id.* ¶ 7, Exs. 2 and 3.

13  On June 29, 2012, Petitioner filed his Petition to Quash ("Petition"). *See* ECF No. 1.
14  Petitioner did not send a copy of the Petition to Officer Baldwin, the IRS, the United States
15  Attorney's Office for the Northern District of California, or the United States Attorney General.
16  *See* Baldwin Decl. ¶ 8.

17  On August 29, 2012, Defendant filed the instant Motion. On September 19, 2012,
18  Petitioner filed a "Counter-Motion" that appears to be an Opposition to the Motion. ECF No. 13
19  ("Counter Motion"). [1] On September 26, 2012, Defendant filed a response to the Counter Motion.
20  ECF No. 16 ("Reply"). Finally, on October 1, 2012, Petitioner filed a document purporting to
21  contain "Objection[s]" to Defendant's Reply, but which included additional arguments as to why
22  Defendant's Motion should be denied. ECF No. 17 ("Surreply").[2]

---

[1] The Court notes that Petitioner's Counter Motion was filed 21 days after Defendant's Motion. Pursuant to Local Rule 7-3(a), Petitioner was required to file an Opposition to Defendant's Motion within 14 days. Thus, Petitioner's Counter Motion is late. Alternatively, if Petitioner's Counter Motion is viewed as a separate motion, rather than an Opposition to Defendant's Motion, then Petitioner has failed to file a response to Defendant's Motion. Because Petitioner is *pro per*, the Court will consider Petitioner's Counter Motion as a Opposition to Defendant's motion and will excuse Petitioner's tardiness of seven days.

[2] While designated as "Objection[s]," Petitioner's response to Defendant's response to the Counter Motion is, in essence, a surreply in opposition to the Motion to Dismiss. Petitioner is not permitted to file a surreply without authorization. *See* Local Rule 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval…."). The Court therefore

2

Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

## II. Discussion

In the Motion, Defendant argues that the Petition should be dismissed because: (1) the Petition was not filed within 20 days of the date the notice of Summonses was mailed, and (2) Petitioner has failed to timely serve the United States with the Petition. *See* Motion at 3-5. Defendant also argues that, regardless of whether the Petition is dismissed as untimely or because Petitioner failed to timely serve Defendant, the Petition should be denied because the Summonses are enforceable. *See id.* at 5-9. The Court addresses Defendant's argument that the Summonses are enforceable first. In light of the Court's conclusion that the Summonses are enforceable, the Court need not resolve Defendant's other contentions that the Petition is untimely or that Defendant was not properly served.

### A. Standards for Determining When a Summons Should be Enforced

When a taxpayer moves to quash a third-party summons, the government can move to enforce compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). To enforce a summons, the government must establish a prima facie case of good faith by showing: (1) that the investigation is conducted for a legitimate purpose; (2) that the material sought is relevant to that purpose; (3) that the IRS is not already in possession of the material sought; and (4) that the IRS has complied with the applicable administrative requirements. *United States v. Powell,* 379 U.S. 48, 57-58 (1964). The government's burden to establish a prima facie case of good faith is a "slight one" that is typically made through the introduction of the sworn declaration of the revenue agent who issued the summons. *Fortney v. United States,* 59 F.3d 117, 120 (9th Cir. 1995). Once a prima facie case is made, a "'heavy' burden" is placed on the taxpayer to show an abuse of process or lack of institutional good faith. *Id.*

### B. The Summonses Should be Enforced

Defendant has established each of the four factors necessary to support a prima facie case of good faith. *See Powell*, 379 U.S. at 57-58. First, Defendant has shown that the Summonses were issued for a legitimate purpose. Section 7602(a) of Title 26 of the United States Code

---

strikes the Surreply. In doing so, the Court also notes that the arguments contained in the Surreply lack merit.

3

Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

provides that a summons may be issued for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability…." 26 U.S.C.A. § 7602(a). Here, Defendant has declared that the Summonses "were issued for the purpose of ascertaining the tax liabilities of Shiro Shiozawa and Shiro's Auto Body for [the] tax years 2008 through 2011." *See* Baldwin Decl., ¶ 9. Thus, the first *Powell* factor is satisfied.

Second, Defendant has shown that Petitioner's bank records are relevant. The standard for relevance is whether the information sought "would throw light upon the correctness of the taxpayer's returns." *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1971). Here, Officer Baldwin has declared that Shiro Shiozawa has not filed individual tax returns and also has not filed any employment tax returns for Shiro's Auto Body. *See* Baldwin Decl., ¶ 3. An assessment has already been made against Shiro Shiozawa as a result of his failure to file individual tax returns and pay taxes on his individual income. *See United States v. Shiro Shiozawa*, Case No. 12-CV-2025-LHK. Petitioner is one of the principals of Shiro's Auto Body (*see id.*, Ex. 1 (lease agreement); *id.*, Ex. 4 (Fictitious Business Name Statement filed by Petitioner identifying Petitioner as the owner of Shiro's Auto Body)), and has also received numerous checks from Shiro's Auto Body (*id*. ¶ 10). Accordingly, Petitioner's bank statements may shed light on Shiro Shiozawa and Shiro's Auto Body's employment tax liability. Petitioner's bank records are therefore relevant.

Third, Defendant has established that the IRS is not in possession of the records sought. *See* Baldwin Decl., ¶ 11 ("At the time the [S]ummonses were issued on June 4, 2012, the IRS was not in possession of the bank records sought."). Thus, the third *Powell* requirement is met.

Fourth, Defendant has shown that the IRS has complied with the applicable administrative requirements. *See Powell,* 379 U.S. at 58 (holding that the government must establish that "the administrative steps required by the Code have been followed…."). Section 7609(a)(1) of Title 26 of the United States Code requires that any person identified in a third-party summons be given notice of the summons within 3 days of service, but no later than 23 days before the day fixed in the summons as the day upon which the records are to be examined. 26 U.S.C. § 7609(a)(1). The

4

Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

notice must include a copy of the summons and an explanation of that person's right to bring a proceeding to quash the summons. *See id.* Notice is sufficient under the statute if it is "mailed by certified or registered mail to the last known address of such person." 26 U.S.C. § 7609(a)(2). Notice is deemed "'given' on the date it is mailed." *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985). Petitioner argues that he was not served with notice and a copy of the Summonses. *See* Petition ¶ 13. The Court is not persuaded.

Defendant has produced a declaration from Officer Baldwin stating that Officer Baldwin "sent by certified mail to Petitioner's last known address, two notices of issuance of the [S]ummonses, copies of the [S]ummonses, and notices explaining the noticee's right to bring a proceeding to quash the [S]ummonses." Baldwin Decl. ¶ 6. Defendant has also produced certified mail receipts showing that the notice was delivered to Petitioner's address on San Tomas Aquino Road and signed for by Shiro Shiozawa. *See id.* Exs. 2 and 3. Accordingly, the Court concludes that Defendant has provided Petitioner with notice as required by 26 U.S.C. § 7609(a). Petitioner has not identified any other administrative requirements with which Defendant failed to comply. Accordingly, the Court concludes that the fourth *Powell* factor is satisfied.

For the reasons set forth above, the Court concludes that Defendant has satisfied its prima facie burden of showing that the Summonses are enforceable. *See Powell*, 379 U.S. 57-58 (setting fourth four factors necessary to establish a prima facie case). Accordingly, the burden shifts to Petitioner to show an abuse of process or lack of institutional good faith. *Fortney,* 59 F.3d at 120. Petitioner has not met this burden.

Petitioner argues that the Summonses were issued for "wholly illegitimate" purposes and that the IRS is using its summons power to "harass and pressure" Petitioner. Petition ¶ 9. Petitioner has adduced no facts supporting this claim. Accordingly, Petitioner's argument fails. *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (holding that, in order for a taxpayer to succeed on an argument that alleges the IRS acted in bad faith or with an improper purpose, the "taxpayer must allege specific facts and evidence to support his allegations").

Petitioner also argues that the Summonses should be quashed because the Summonses "[r]equest[] documentation that is… unrelated to [P]etitioner" and because "[t]here are no

5

Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

assessments against… [P]etitioner….." Petition ¶ 6.  Petitioner's argument is without merit. Section 7602(a) grants Defendant the power to subpoena "*any person* having [records]… relating to the business of the person liable for tax[es]…." 26 U.S.C. § 7602(a) (emphasis added).  Thus, the Summonses are not unenforceable simply because there are no assessments against Petitioner.

Petitioner further argues that the Summonses should be quashed because "the face of the… [S]ummons[es]" state they are being issued "[i]n the matter of Shiro Shiozawa aka Shiro's Auto Body." Petition ¶ 7 (internal quotation marks omitted).  Accordingly, Petitioner argues that "[t]he apparent purpose for the documentation sought in the [S]ummons[es] is… not disclosed [on] the face of the" Summonses.  *Id.*  The Court is not persuaded that the Summonses should be quashed on this ground.

Section 7609(a)(3) states that the "summons shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records under the summons."  Here, the Summonses identify the relevant taxpayer ("Shiro Shiozawa aka Shiro's Auto Body") and the person to whom the records pertain (Petitioner), and further provides the information necessary to locate the records (e.g. Petitioner's name, social security number, and bank account numbers).  *See* Baldwin Decl., Exs. 2 and 3.  Accordingly, the Court concludes that the "face of the" Summonses (Petition ¶ 7) provides sufficient information.

In Petitioner's Counter-Motion, Petitioner also argues that "the Court lacks subject matter jurisdiction to enforce" the Summonses because the Summonses have "not been served upon the proper party, Shiro Shiozawa." Counter Motion at 1.  Petitioner's argument fails.  When the IRS issues a summons to a third party in connection with an investigation seeking to recover taxes, the party against whom an assessment has been made is not entitled to receive notice of the summons. *See Viewtech, Inc. v. United States*, 653 F.3d 1102, 1105 (9th Cir. 2011) ("[A] third party should receive notice that the IRS has summonsed the third party's records unless the third party was the assessed taxpayer, a fiduciary or transferee of the taxpayer, or the assessed taxpayer had 'some legal interest or title in the object of the summons." (quoting *Ip v. United States*, 205 F.3d 1168, 1175 (9th Cir. 2000))).

6
Case No.: 12-CV-3416-LHK
ORDER GRANTING MOTION TO ENFORCE IRS SUMMONSES

Here the Summonses were issued for the purposes of collecting taxes from Shiro Shiozawa. An IRS assessment has already been made against Shiro Shiozawa. *See United States v. Shiozawa*, Case No. 12-CV-2025-LHK . Accordingly, Shiro Shiozawa was not entitled to notice of the Summonses. *See Viewtech*, 653 F.3d at 1105. Furthermore, the Court notes that, even if Shiro Shiozawa was himself not formally served with the Summonses, Shiro Shiozawa did receive actual notice as evidenced by the fact that he signed the return receipts when the Summonses were mailed to Petitioner. *See* Baldwin Decl., Exs. 2 and 3.

Petitioner has failed to offer a persuasive reason for not enforcing the Summonses. Accordingly, the Court concludes that the Summonses are enforceable.[3]

## III.   CONCLUSION

Defendants' Motion is GRANTED to the extent it seeks enforcement of the Summonses. The Petition is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 28, 2012

*[signature: Lucy H. Koh]*

LUCY H. KOH
United States District Judge

---

[3] In light of this conclusion, the Court need not resolve Defendant's contentions that the Petition should be dismissed because: (1) the Petition was not filed within 20 days of the date the notice of summons was mailed, and (2) Petitioner has failed to timely serve the United States with the Petition. *See* Motion at 3-5.